UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PATRICIA CLEVENGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-5001 |
| ) | |
| DUSTIN DWYER and THE HERTZ ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COMES NOW defendant The Hertz Corporation ("Hertz"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and hereby gives notice of its removal of this action from the Circuit Court of Jasper County, Missouri to the United States District Court for the Western District of Missouri, Southwestern Division. Removal is proper because this Court has subject matter jurisdiction over the action, and because this federal judicial district is the district embracing the location in which the state court litigation is pending.

In support of removal, Hertz states as follows:

1. On November 4, 2019, Patricia Clevenger ("Plaintiff") commenced this action by filing her Petition for Damages in the Circuit Court of Jasper County, Missouri at Joplin, captioned *Patricia Clevenger v. Dustin Dwyer & The Hertz Corporation*, Case No. 19A0-CC00277 (the "State Court Petition"). A true and accurate copy of the State Court Petition is attached in Exhibit A.

2. Plaintiff's State Court Petition, along with a summons, was served on Hertz's registered agent in Missouri on December 6, 2019. *See* Exhibit A, Submittal for Summons in Civil Case.

3. Hertz filed this Notice of Removal within 30 days of service of Plaintiff's State Court Petition. Hence, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Hertz in the state court action are collectively attached to this Notice.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be served upon Plaintiff's counsel and a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Jasper County, Missouri.

6. As of the date of the filing of this Notice, defendant Dustin Dwyer has not been served. Because Dwyer has not been served at the time this Notice of Removal was filed, his consent is not required. *See R.L. v. Nat'l R.R. Passenger Corp.*, Case No. 4:15-CV-00021-FJG, 2015 WL 12835692, at *2 (W.D. Mo. Sept. 30, 2015) (holding that "because [defendant] was not served at the time the Notice of Removal was filed, [defendant's] consent was not required.").

7. As discussed more below, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action, there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The action is therefore properly removable under 28 U.S.C. § 1441.

### Complete Diversity of Citizenship Exists

8. Plaintiff alleges, and upon information and belief Hertz does not dispute, that she resides in Missouri. *Id*. at ¶ 1.

9. Plaintiff alleges, and upon information and belief Hertz does not dispute, that Defendant Dwyer is a resident of Kansas. *Id*. at ¶ 2.

10. The Hertz Corporation is incorporated in the State of Delaware and maintains its principal place of business and "nerve center" in Estero, Florida. Accordingly, for purposes of diversity jurisdiction, Hertz is a resident of both Delaware and Florida. 28 U.S.C. § 1332(c)(1).

11. Because Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists to give Hertz a basis to remove this action to federal court. 28 U.S.C. § 1332(a)(1).

**Plaintiff's Alleged Damages Exceed the Jurisdictional Threshold for Removal**

12. Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 549, 190 L. Ed. 2d 496 (2014) (noting to 28 U.S.C. § 1446(a)). Moreover, to establish a jurisdictional amount in connection with removing an action to federal court, a defendant is not required to concede liability for the amount of the plaintiff's claim. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (citing *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). The movant's burden, should the moving party's amount in controversy be contested, is "to merely show by a preponderance of the evidence that 'a fact finder *might* legally conclude that' the damages *are* greater than the requisite amount." *Id.* (emphasis in *Hartis*) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)).

14. Once the proponent of federal jurisdiction plausible explains how the plaintiff's potentially recoverable damages might exceed $75,000, "the case belongs in federal court unless

it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2013)). Even if it is highly improbable that the plaintiff will recover $75,000 or less, that still does not meet the legally impossible standard. *Id*. (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011)).

15. Hertz does not concede that Plaintiff will recover more than $75,000 in this action. Indeed, Hertz expressly denies it is liable for any damages of any kind or nature claimed by the Plaintiff. However, Hertz can and has met its burden to show that a fact finder might conclude that the amount in controversy in this action exceeds the jurisdictional threshold for removal.

16. Plaintiff alleges she was involved in a violent and serious motor vehicle accident in Joplin, Missouri on April 2, 2019. *See* Exhibit A, State Court Petition, ¶¶ 5-7.

17. Plaintiff alleges that "as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendants, Plaintiff sustained injuries to her back, neck, both shoulders, and both knees. Plaintiff has endured pain and will continue to endure pain in the future. Plaintiff has incurred medical bills and expenses and will incur medical bills in the future." *Id*. at ¶ 12.

18. Upon information and belief, Plaintiff underwent a rotator cuff surgery on or about June 10, 2019 to repair a tear in her right shoulder and has been scheduled for a second surgery. Plaintiff has also received physical therapy for her injuries and claims that future medical treatment is necessary.

19. Plaintiff further alleges defendant Dwyer was "driving in a reckless manner at a dangerously high speed." Exhibit A, State Court Petition, at ¶ 7. Allegations of reckless conduct,

if proven by clear and convincing evidence, may enable Plaintiff to amend her Petition and seek an additional award of punitive damages.

20. Given Plaintiff's extensive list of alleged serious bodily injuries sustained, her claims for expenses related to past and future medical treatment, her surgeries and physical therapy, and her claims for past and future pain and suffering, it is reasonable to presume that Plaintiff's claimed damages could exceed $75,000. *See Kirkwood v. Tire Centers, LLC*, No. 06-0022-CV-W-DW, 2006 WL 8438280, at *1 (W.D. Mo. Feb. 28, 2006) (noting that "an extensive list of serious and disabling injuries suffered by the plaintiff" is evidence that the amount in controversy exceeds $75,000).

21. The Court can conclude here that, based on Plaintiff's allegations, the fact finder *could* award more than $75,000. *See, e.g.*, *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040-41 (E.D. Mo. 2002) ("As defendant points out, a jury *could* award the requisite jurisdictional amount, given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired; and that [the plaintiff] lost wages."); *see also McLauchlin v. Sight*, No. 4:16-CV-0542-DGK, 2016 WL 4077237, at *2 (W.D. Mo. Aug. 1, 2016) ("The Petition alleged the accident hurt Plaintiff's "head, left knee, left leg, and body" leaving him with permanent and progressive injuries, present and future medical bills, and noneconomic damages. A jury could easily award more than $75,000 for such injuries.").

22. Plaintiff's allegations in the State Court Petition do not limit the amount in controversy to below the jurisdictional threshold for removal purposes absent a formal stipulation to limit such damages. *See, e.g.*, *O'Brien v. US 1 Logistics, LLC*, No. 4:18-CV-02021-JCH, 2019 WL 1491628, at *3 (E.D. Mo. Apr. 4, 2019) ("In her Petition, the Plaintiff alleges injuries, pain

and suffering to her left shoulder, neck, head and back; damages for past, present and future medical treatment, property damage to her vehicle; and lost wages. Absent a formal stipulation limiting damages based on the damages alleged in Plaintiff's petition the Court finds that Plaintiff's alleged injuries meet the amount-in-controversy requirement.").

23. Additionally, "to ensure any attempt to remove will be unsuccessful, a plaintiff may attach a stipulation or affidavit to the initial petition swearing his damages do not exceed a certain amount." *McLauchlin*, 2016 WL 4077237, at *2 (citing *Bell*, 557 F.3d at 958). Plaintiff did not attach such an affidavit to her State Court Petition.

24. While Hertz disputes and denies the factual and legal bases raised in Plaintiff's State Court Petition, based on those allegations, the amount in controversy is greater than $75,000, exclusive of interest and costs. Accordingly, Hertz affirmatively states that the amount in controversy requirement in 28 U.S.C. § 1332(a) is established.

25. To the extent Plaintiff alleges any other claims for relief in the State Court Petition over which this Court would not have original jurisdiction under 28 U.S.C. § 1332(a), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(a).

26. The United States District Court for the Western District of Missouri, Southwestern Division embraces the county and court in which the state court action is now pending. 28 U.S.C. § 105(b)(2).

27. By removing this action to federal court, Hertz does not waive any defense that is otherwise available to it.

28. Hertz reserves all rights to answer or present other defenses or objections pursuant to FED. R. CIV. P. 12 or other applicable provisions of law.

WHEREFORE, Defendant The Hertz Corporation hereby removes this case from the Circuit Court of Jasper County, Missouri at Joplin to the United States District Court for the Western District of Missouri, Southwestern Division.

    Respectfully submitted

    **FOLAND, WICKENS, ROPER,**
    **HOFER & CRAWFORD, P.C.**

    */s/ Kyle N. Roehler*
    Kyle N. Roehler    MO #51727
    Megan E. McCullough    MO #68684
    1200 Main Street, Suite 2200
    Kansas City, Missouri 64105
    Telephone: (816) 472-7474
    Facsimile: (816) 472-6262
    Email: kroehler@fwpclaw.com
    Email: mmcullough@fwpclaw.com
    ***ATTORNEYS FOR DEFENDANT THE HERTZ CORPORATION***

## CERTIFICATE OF SERVICE

I hereby certify that the original of this electronic filing was signed by me and will be maintained in my file. I further certify that, on January 2, 2020, the foregoing was filed electronically, and a copy of the same was sent via email to the following counsel of record:

Charles J. Sticklen, Jr.
Sarah R. Sticklen
STICKLEN & DREYER, P.C.
1515 E. 32nd Street, Suite 1
Joplin, MO 64804
Email: charlie@sticklenanddreyer.com
Email: sarah@sticklenanddreyer.com
***ATTORNEYS FOR PLAINTIFF***

    */s/ Kyle N. Roehler*
    ***ATTORNEY FOR DEFENDANT THE HERTZ CORPORATION***